UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DORAN BLACHARD BOWSIER,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. V-10-35 |
| | § | |
| **RICK THALER, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Doran Blachard Bowsier ("Petitioner"), an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. No. 1). TDCJ Director Rick Thaler ("Respondent") has filed a Motion for Summary Judgment (Dkt. No. 12), to which Petitioner has not responded. Having considered the motion, record, and relevant law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### I. Factual Background

Petitioner challenges Respondent's custody of him pursuant to a judgment and sentence of the 24th District Court of Jackson County, Texas, in Cause Nos. 09-2-8002 (Dkt. No. 11, Ex. 14 at 6) and 09-2-8003 (Dkt. No 11, Ex. 9 at 5). Petitioner was charged with two counts of possession of a controlled substance in a drug free zone with two habitual enhancements. (Dkt. No. 1 at 2.) On March 11, 2009, Petitioner, pursuant to a plea bargain agreement, entered a plea of guilty, and punishment was assessed at ten years imprisonment. (*Id.* at 20-21.)

Petitioner filed an application for state writ of habeas corpus challenging this conviction on September 11, 2009. (*Id.* at 3.) On November 18, 2009, the Texas Court of Criminal Appeals

1

remanded Petitioner's case back to the trial court to make findings of fact and conclusions of law in regards to Petitioner's claim that his plea was involuntary because counsel was ineffective. (Dkt. No. 11, Ex. 3.) On December 30, 2009, the trial court entered written findings that relief should be denied. (Dkt. No. 11, Ex. 15 at 18—20.) On February 3, 2010, the Texas Court of Criminal Appeals adopted the trial court's findings and denied relief without written order. (Dkt. No. 11, Ex. 10 at 2.)  Petitioner signed and mailed the present petition on April 27, 2010. (Dkt. No. 1.)

## II. Claims and Allegations

The Court understands Petitioner to contend that that his due process rights were violated on the following three grounds:

1. He was denied effective assistance of counsel;

2. His conviction was obtained by the use of evidence obtained from an unlawful arrest; and

3. His conviction was obtained by a plea of guilty that was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequence of the plea.

## III. Legal Standards

### A. Summary Judgment

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th

Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**B.  28 U.S.C. § 2254**

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 693 (2002), by limiting the scope of collateral review and

---

1. The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication: (1) was contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 406-13. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 409.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

**C. Failure to Exhaust Remedies**

A petitioner must exhaust his remedies in state court before filing a federal habeas petition. Section 2254(b) reads, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)
> (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant

28 U.S.C. § 2254(b). In order to exhaust his remedies, a petitioner must have presented all his claims to the state courts. If a petitioner brings new claims not presented to the state courts or new evidence to support his old claims, he will be deemed not to have exhausted his remedies. *See, e.g.*, *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) ("[A] habeas petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court.").

All of the above standards will be applied to rule on Respondent's motion for summary judgment.

### IV. Discussion

**A. Unexhausted Claims**

Respondent correctly asserts that Petitioner's second and third claims are procedurally barred because they were not exhausted in state court according to 28 U.S.C. § 2254(b). Petitioner's state habeas corpus petition did raise his second and third claims in vaguely similar language in the state court, but the alleged factual bases for the claims are significantly different. At the state proceeding, Petitioner supported his claim that the "conviction was obtained by plea of guilty which was unlawfully induced" by arguing that he did not have full understanding of

5

the Drug Free Zone due to his "ineffective counsel." (Dkt. No. 11, Ex. 14 at 12.)  In the instant petition, Petitioner claims that the "conviction was obtained by the use of evidence obtained from an unlawful arrest, due process of law, and faulty indictment." (Dkt. No. 1, Ex. 4 at 14.)  However, Petitioner's factual basis for that reasoning is that Officer David Merritt did not come into possession of the drugs until they reached the Jackson County Detention Center, and consequently assumed that Petitioner had the drugs at the time of the initial arrest. (*Id*. at 18.)  These are not the same arguments, and therefore cannot be considered exhausted.

The same sort of discrepancy exists between Petitioner's state claim of "invalid or defective indictment" and his second federal claim, which includes "faulty indictment." (*Id*. at 14.)  In the state proceeding, Petitioner contested that the indictment was defective because he believed the trial court used two prior convictions that were finalized on the same date to create the enhancement paragraphs on his indictment, which upgraded his crime from a "state jail felony to a second degree felony." (Dkt. No. 11, Ex. 9 at 13.)  In the federal proceeding, he makes no mention of prior convictions, but instead argues that the indictment was defective because it charged him with possession of controlled substances in a Drug Free Zone, but the drugs were not in his possession at the scene of the initial arrest. (Dkt. No. 1, Ex. 4 at 18.)  Again, these are not the same arguments, and therefore cannot be considered exhausted.

Because of the significant discrepancies in the state versions of his second and third federal claims, Petitioner's claims have not been exhausted.  There are no allegations or evidence to support a claim that the exhaustion exceptions apply: there is no "absence of available State corrective process;" and that process does not appear to be "ineffective to protect the rights of the applicant."  *See* 28 U.S.C. § 2254(b)(1)(B).

**B. Exhausted Claim – Ineffective Assistance of Counsel**

Petitioner's allegation that counsel rendered ineffective assistance is the sole claim that is exhausted and subject to this Court's consideration.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim, a petitioner must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88 n.4 (5th Cir. 1993)). Petitioner claims that his attorney was ineffective because he: (1) failed to investigate, and (2) erroneously advised Petitioner that he might face a twenty-five year sentence as a habitual offender. (Dkt. No. 11 at 10.)

Where, as here, the highest court of the state has reviewed and denied Petitioner's allegations, this Court will only grant federal habeas relief if it can be shown that the adjudication of those allegations was: (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)).

Petitioner points to no truthful evidence to support his claims of ineffective assistance of counsel. His claims that his attorney failed to investigate are conclusory and do not meet either prong of the *Strickland* test. *Strickland*, 466 U.S. at 687. Without evidence in the record, "a court cannot consider a petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Further, the presumptively-correct state court's express and implied factual findings and credibility choices (Dkt. No. 11, Ex. 15 at 18-20) have not been rebutted by any evidence, much less clear and convincing evidence.

As to whether counsel erred in advising Petitioner that he may face a twenty-five year minimum sentence if he rejected the ten year offer, the state court found that this was correct advice and supported by the charging instrument. (*Id.*) Again, Petitioner has not rebutted the state court's express and implied factual findings and credibility choices with any evidence, much less clear and convincing evidence. (*Id.*)

Because the state court's ruling on Petitioner's ineffective assistance of counsel claim was not unreasonable or contrary to clearly established federal law, Respondent's Motion for Summary Judgment is granted on this issue.

## V. Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## VI. Conclusion

Based on the foregoing:

    1. Respondent's Motion for Summary Judgment (Dkt. No. 12) is GRANTED;

    2. This Petition for a Writ of Habeas Corpus is DISMISSED; and

    3. A Certificate of Appealability shall not issue.

    It is so ORDERED.

    **SIGNED** this 31st day of August, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE